## AIKEN *v.* ELA.

A party cannot acquire title to land by adverse possession merely by occasionally going upon it.

WRIT OF ENTRY, dated October 9, 1880, to foreclose a mortgage to the plaintiff from one Clark, made and executed October 25, 1860. November 8, 1861, Clark conveyed the same land to the defendant by quitclaim deed. The land was sold for taxes, and the defendant has a quitclaim deed thereof, dated February 6, 1860. He claims title against the plaintiff by twenty years' adverse possession. The proceedings under which the land was sold for taxes were invalid. The land was and is sprout land, was taxed to one not the owner as non-resident land, and sold for the taxes while the owner and mortgagor was in possession. There was no change in the possession except that wrought by the delivery of the deed, and the defendant has made no use of the land, and has performed no other acts of ownership than were done by occasionally going upon it.

There is to be judgment according to the rights of the parties on these facts.

*S. C. Eastman* and *J. Y. Mugridge*, for the plaintiff. The defendant got no title under the deed of the tax collector. The proceedings having been invalid, it was the same as if a stranger to the title had given him a deed. It was at most mere color of title, under which he might in time gain a title by sufficient possession.

The possession, to create a title by prescription, "must be shown to have been open, visible, exclusive, and notorious; calculated to give notice to the owner, of an adverse claim, by the possessor, to the land in his possession." *Little* v. *Downing*, 37 N. H. 367.

There is no evidence of any possession by the defendant. At the time of the deed the land was in the possession of the plaintiff's grantor, and there was then no change of actual possession. Hence, as the defendant never after disseized the plaintiff's grantor, that state of things must be regarded as continuing to the present time.

Moreover, the case finds that the defendant made no use of the land, and performed no other act of ownership than to occasionally go upon it. This was insufficient. To avail him it should have been with a claim of title so asserted as to give the plaintiff notice, at least constructively. *Gage* v. *Gage*, 30 N. H. 420, 426.

*S. Dana,* for the defendant.

BLODGETT, J. The defendant at most only got color of title to the land in controversy under his deed from the tax collector, and

the question then is, Has his title become perfected by adverse possession for twenty years? But one answer is possible; for the facts plainly show that the owner's dominion over and free enjoyment of the land have not been disturbed or interfered with by the defendant, either in fact or in law. He has done nothing to indicate a claim of property of a character to attract the attention of the true owner, and has exercised no public acts of ownership such as he might not naturally exercise over property he did not claim to own. He has in fact had no possession except "by occasionally going upon the land." It is manifest that such a possession cannot operate as a disseizin of the legal owner; and, if the contrary were true, whatever possession the defendant has had since November 8, 1861, is to be regarded as having been under his quitclaim deed, and therefore not in opposition to the plaintiff's prior mortgage title, but in subordination to it.

*Judgment for the plaintiff.*

ALLEN J., did not sit: the others concurred.